UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADOLFO MALDONADO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:24-CV-2307-X |
| § | |
| EXCELL ELECTRICAL § | |
| CONTRACTORS, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION ORDER

Before the Court is Plaintiff Adolfo Maldonado's motion for summary judgment. (Doc. 21). After careful consideration, and as explained below, the Court **GRANTS** Maldonado's motion for summary judgment.

### I.  Factual Background

This case concerns Excell Electrical Contractor Inc.'s (Excell) alleged failure to pay Maldonado overtime wages. Maldonado worked for Excell from February 2022 through April 2023 and regularly worked between 70 and 85 hours per week. Maldonado was paid an hourly rate of $20, later increased to $22, but never received an overtime premium. Excell asserts that the parties had an agreement under which Maldonado would receive his regular hourly wages with room and board in lieu of overtime pay.

### II.  Legal Standard

Courts may grant summary judgment if the movant shows that "there is no genuine [dispute] as to any material fact and that the moving party is entitled to

1

judgment as a matter of law."[1]  A material fact is one "that might affect the outcome of the suit under the governing law."[2]  And "[a] dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine [dispute] of material fact," but need not necessarily support its motion with "materials negating the opponent's claim."[4]  The nonmoving party must "go beyond the pleadings and establish specific facts showing that there is a genuine [dispute] for trial."[5]

### III. Analysis

#### A. Excell failed to pay Maldonado the overtime wages he was entitled to under the FLSA.

Under the FLSA, covered employers must pay employees one and a half times their regular rate for any hours worked over forty in a workweek.[6]  To establish a prima facie claim for a violation of the FLSA's overtime-compensation requirements, an employee must prove:

> (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated

---

[1] FED. R. CIV. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

[3] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 318, 323 (1986); see also FED. R. CIV. P. 56(c)(1).

[5] *McWhirter v. AAA Life Ins.*, 622 F. App'x 364, 365 (5th Cir. 2015) (quoting *Celotex*, 477 U.S. at 324) (cleaned up).

[6] 29 U.S.C. § 207(a)(1).

the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due.[7]

Once the employee establishes a prima facie case, the burden shifts and the employer must "come forward with evidence of the precise amount of work performed or with evidence to [negate] the reasonableness of the inference to be drawn from the employee's evidence."[8]

Excell's limited[9] response to Maldonado's motion for summary judgment only disputes whether Excell violated the FLSA's overtime wage requirement.[10]  Excell contends that Maldonado cannot establish an FLSA violation because the parties purportedly agreed that Maldonado would "be paid for 40 hours of work each week plus receive free room and board on the property in exchange for overtime pay."[11] This argument fails as a matter of law.

It is well settled that an employee may not waive his right to overtime compensation under the FLSA—even in a private agreement between parties.[12]  So

---

[7] *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[8] *Id.*

[9] Excell's response is scant—two pages with barely three paragraphs of argument—that has only one substantive contention.  *See* Doc. 24.  That argument, like a warm Dr Pepper left out in the Texas sun, ultimately goes flat.

[10] Excell's amended answer admits that it is an employer subject to the FLSA but denies that Maldonado was an employee under the FLSA. Doc. 13 ¶¶ 13, 14.  That denial, however, is conspicuously unsupported: Excell's response to Maldonado's motion raises no legal argument and cites no evidence contesting Maldonado's employee status or suggesting he was an independent contractor.  In any event, the Court concludes that Maldonado was an employee as a matter of law under the Fifth Circuit's economic realities framework, as all five factors weigh in favor of employee status rather than independent-contractor status.  *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008).  So the Court holds Maldonado was an employee of Excell under the FLSA.

[11] Doc. 24, ¶ 6.

[12] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162–63 (5th Cir. 2015) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–08 (1945); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1411 fn. 4 (5th Cir. 1990).

any agreement attempting to substitute room and board—or any other benefit—for overtime pay is unenforceable.[13]  And Maldonado's right to overtime compensation remains intact even assuming such an agreement existed.  Thus, because an employee's right to FLSA overtime pay is nonwaivable, even through a private agreement between the parties, no genuine dispute of material fact exists as to Excell's failure to comply with the FLSA's overtime wage requirements.  Moreover, another court in this district expressly held that housing may not be treated as compensation for unpaid overtime.[14]  Thus, even accepting Excell's characterization of the supposed agreement, the provision of room and board does not satisfy Excell's obligation to pay Maldonado overtime compensation.

The Court holds that Excell failed to pay Maldonado the overtime compensation required by the FLSA.

### B. Maldonado is entitled to unpaid overtime wages, liquidated damages, and attorney's fees under the FLSA.

An employer who violates the FLSA by failing to pay overtime compensation is liable to its employees for unpaid overtime plus an equal amount of liquidated damages.[15]  An employer seeking to avoid liability for liquidated damages bears the heavy burden of showing both good faith and reasonable grounds for believing that it was not violating the FLSA.[16]

---

[13] *Barrentine*, 450 U.S. at 740.

[14] *Pineda v. JTCH Apartments, L.L.C.,* 126 F. Supp. 3d 797, 807 (N.D. Tex 2015) (Boyle, J).

[15] 29 U.S.C. § 216(b).

[16] *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986).

4

Here, Maldonado submitted Excell's paystubs for the duration of his employment, which includes entries for each shift worked, hours, and pay rate. Maldonado also submitted a declaration authenticating the paystubs and a summary of the invoices.[17]  Excell does not dispute the damages Maldonado provides. Maldonado has therefore established the amount of unpaid overtime wages owed in the amount of $26,673.50, and the Court finds this sufficient to support an award of damages.[18]

Having established the final element of his FLSA claim—damages—Maldonado prevails and succeeds on his FLSA claim in its entirety.

Further, because Maldonado prevails on his claim for unpaid overtime, he is also entitled to an equal amount in liquidated damages unless Excell demonstrates that the violation was made in good faith and based on reasonable grounds.[19]  Even if the Court were to construe Excell's limited response regarding the alleged agreement with Maldonado as an assertion of good faith, Excell has not met its substantial burden.[20]  The Court finds that Excell failed to show good faith or

---

[17] Doc. 23, Exs. C, D, E.

[18] *See Gibbs v. Parr Mgmt., LLC*, 2013 WL 2355048, at *1 (N.D. Tex. May 29, 2013) (Lindsay, J.) (determining that the plaintiff's declaration detailing her hourly rate and number of hours worked was sufficient to establish her amount of unpaid wages in a default judgment evaluation on her FLSA claim).

[19] 29 U.S.C. § 260.

[20] *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) ("A district court may not exercise its discretionary authority to reduce or eliminate a liquidated damage award unless the employer sustains the substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds." (cleaned up)).

reasonable grounds for believing it was not violating the FLSA and awards Maldonado liquidated damages in the amount of $26,673.50.[21]

Accordingly, the Court awards Maldonado $53,347.00 in total damages, comprising unpaid overtime and liquidated damages for the entire period of his employment.

Finally, an employee who prevails on an FLSA claim is entitled to reasonable attorney's fees and costs.[22] Maldonado is a prevailing party and is therefore entitled to attorney's fees and costs. The Court **ORDERS** Maldonado to file a motion for attorney's fees within 14 days that includes evidence supporting the amount of reasonable fees and costs.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Maldonado's motion for summary judgment against Excell Electrical Contractors Inc. The Court awards Maldonado actual and liquidated damages in the total amount of $53,347.00. By separate order, the Court will issue a final judgment. The Court further **ORDERS** Maldonado to file a motion to recover attorney's fees within 14 days.

---

[21] *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) ("Even if the district court determines that the employer's actions were taken in good faith and based on reasonable grounds, the district court still retains the discretion to award liquidated damages.").

[22] *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 & n. 7 (5th Cir. 2006).

**IT IS SO ORDERED** this 15th day of January, 2026.

                                               _____
                                               BRANTLEY STARR
                                               UNITED STATES DISTRICT JUDGE