UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADOLFO MALDONADO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:24-CV-2307-X |
| § | |
| EXCELL ELECTRICAL § | |
| CONTRACTORS, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Adolfo Maldonado's (Maldonado) Motion for Attorney's Fees and Costs (Motion). (Doc. 34). Having carefully considered the parties' briefing and the law, the Court **GRANTS IN PART** the Motion, awarding $78,687.00 in attorney's fees and $4,518.42 in costs, with post-judgment interest to accrue on these amounts until paid in full.

### I.   Background

The Court granted Maldonado's motion for summary judgment on all claims against Defendant Excell Electrical Contractors, Inc. (Excell). The Court ordered Excell to pay Maldonado $53,347.00 for the amount due under the Fair Labor Standards Act (FLSA). The Court also ordered that under the FLSA, Excell was liable for Maldonado's reasonable attorney's fees and costs, which was to be addressed in an upcoming motion.

## II.     Legal Standard

An employee who prevails on an FLSA claim is entitled to reasonable attorney's fees and costs.[1] To calculate attorney's fees, the Court uses the lodestar method.[2] The lodestar method is calculated by "[t]he number of compensable hours . . . multiplied by the selected hourly rate."[3]

As an evidentiary matter, "[t]he documentation supporting a factual finding regarding the amount of attorney's fees must be sufficient for the court to verify that the applicant has met its burden of establishing an entitlement to a specific award."[4] A plaintiff seeking attorney's fees bears the burden of demonstrating the reasonableness of the hours expended and that counsel exercised billing judgment.[5]

There is a strong presumption that the lodestar represents a reasonable fee.[6] After calculating the lodestar, the court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account the *Johnson* factors.[7]

---

[1] *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 & n.7 (5th Cir. 2006).

[2] *Saizan*, 448 F.3d at 799 ("[W]e use the lodestar method to calculate an appropriate attorney's fee award under the FLSA.").

[3] *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993) (cleaned up).

[4] *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010).

[5] *Saizan*, 448 F.3d at 799.

[6] *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

[7] *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

### III. Analysis

**A. Attorney's Fees**

In this case, Maldonado seeks $87,430.00 in fees for 172.8 hours of work done in relation to this case. Specifically, Maldonado asserts that (1) Edith K. Thomas billed 137.4 hours at an hourly rate of $575, (2) Kyle Thomas Carney billed 12.1 hours at an hourly rate of $425, and (3) 23.3 hours were billed of paralegal time at an hourly rate of $150.

The Court finds the hourly rates to be reasonable. "[R]easonable hourly rates are to be calculated according to the prevailing market rates in the relevant community . . . for similar services by lawyers of reasonably comparable skill, experience and reputation."[8] The relevant legal community is the community in which the district court sits.[9] The court may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorney's services.[10]

Excell alleges that Ms. Thomas's rate of $575 per hour is unreasonable but does not appear to challenge the hourly rate of Mr. Carney or the paralegals.[11] However, the Court agrees with Judge Fitzwater, and finds that Ms. Thomas's hourly rate is reasonable and within the market rate.[12] Therefore, based on the evidence

---

[8] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (cleaned up).

[9] *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

[10] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

[11] Doc. 35 at 3.

[12] *EEOC v. SkyWest Airlines, Inc.*, Civil Action No. 3:22-CV-1807-C (N.D. Tex. Nov. 20, 2024) (Fitzwater, J.) (approving Ms. Thomas's hourly rate of $550 in a contested fee application).

and approvals of similar rates submitted by Maldonado and pursuant to the Court's own expertise and judgment, the Court finds that the requested rates are reasonable and within the market rate for attorneys and paralegals handling this type of litigation in the Dallas-area. Accordingly, the Court finds that the hourly rates for Thomas ($575.00), Carney ($425.00), and paralegals ($175.00) are reasonable for this FLSA case.

However, the Court finds a 10 percent reduction to be appropriate in the amount of fees requested by Maldonado for lack of billing judgment exercised. Movants seeking attorney's fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."[13] "Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment"—including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary—or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative."[14]

---

[13] *Saizan*, 448 F.3d at 799 (cleaned up).

[14] *Shepherd v. Dallas Cnty.*, No. 3:05-CV-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009) (Fitzwater, J.); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (cleaned up)); *Cookston v. Freeman, Inc.*, No. 3:98-CV-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999) (Fitzwater, J.).

Here, Maldonado filed contemporaneous fee records, tallying the hours the attorneys and paralegal worked on this case.[15] Ms. Thomas also submitted a supporting affidavit stating she exercised billing judgment and the time reflected in the contemporaneous fee records do not include all the time that the legal team spent working on this matter.[16]

Excell disputes the charges, contending that Maldonado's counsel failed to exercise billing judgment, as reflected by several unreasonable entries—such as billing for a motion for summary judgment in January 2024 before the complaint was filed in September 2024, substantial duplication of work, excessive time spent on particular filings, and unwarranted trial preparation.[17]

Beyond the instances of inadequate billing judgment identified by Excell, the Court further observes that the parties failed to comply with the Court's Order requiring mediation, a failure that directly contributed to unnecessary fees billed to Maldonado.[18] Consequently, the Court finds that Maldonado's counsel did not sufficiently demonstrate the exercise of billing judgment. Accordingly, the Court determines that Maldonado may recover only 90 percent of the 172.8 hours claimed, resulting in a total of 155.52 compensable hours.

---

[15] Doc. 34, Ex. 3-A.

[16] Doc. 34 at 7–8.

[17] *Id.* at 2–3.

[18] *See* Docs. 18, 26.

5

**B. Costs**

"In addition to the taxable costs listed under 28 U.S.C. § 1920, Texas District Courts have also determined that [additional] costs are . . . appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee."[19] "Reimbursement for travel, meals, lodging, photocopying, longdistance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award."[20]

Maldonado alleges each of these costs "were reasonably necessary for the pursuit of this litigation."[21] Which Excell does not dispute.[22] Having reviewed Maldonado's claimed expenses and costs and the supporting documentation, the Court awards Maldonado expenses and costs in the amount of $4,518.42.

## IV.   Conclusion

Finding 90 percent of the hours and the entirety of the rates reasonable, the Court adopts the lodestar's "strong presumption"[23] that multiplying these amounts together will yield a reasonable fee and accordingly, **GRANTS** Maldonado's motion for attorney's fees and costs, awarding $78,687.00 in attorney's fees and $4,518.42 in costs for Maldonado.

---

[19] *Castro v. Precision Demolition LLC*, No. 3:15-CV-213-D, 2017 WL 6381742, at *10 (N.D. Tex. Dec. 14, 2017) (Fitzwater, J.) (cleaned up).

[20] *Hilton v. Exec. Self Storage Assocs., Inc.*, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) (cleaned up).

[21] Doc. 34 at 15.

[22] *See* Doc. 35.

[23] *Perdue*, 559 U.S. at 553.

6

**IT IS SO ORDERED** this 5th day of March, 2026.

_____
BRANTLEY STARR
UNITED      STATES      DISTRICT
JUDGE$78,687.00